UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:13-CV-00874-TBR

JONATHAN BENTLEY                                          Plaintiff/Counterclaim Defendant

v.

LAWRENCE S. TRAGESER                           Defendant/Counterclaim Plaintiff

v.

TONY MATTINGLY                                                        Counterclaim Defendant

**MEMORANDUM OPINION AND ORDER OF REMAND**

Presently pending before the Court are the following Motions:

(1) Plaintiff Jonathan Bentley's Motion for Partial Remand. (Docket No. 6.) Defendant Lawrence Trageser has responded, (Docket No. 14.) Defendant Tony Mattingly and Bentley, as Counterclaim Defendant, also have responded, stating they do not oppose Bentley's Motion for Partial Remand. (Docket No. 16.)

(2) Defendant/Counterclaim Plaintiff Lawrence Trageser's Motion to Remand and for an Award of Attorney Fees. (Docket No. 7.) Mattingly and Bentley, as Counterclaim Defendant, have responded, (Docket No. 17), and Trageser has replied, (Docket No. 21).

For the reasons that follow, Trageser's Motion will be GRANTED IN PART, and this action will be REMANDED to Spencer Circuit Court for all further proceedings.

BACKGROUND

Bentley and Mattingly are law enforcement officers employed by the Spencer County Sheriff's Office. Trageser operates a political internet blog called the "Spencer County Watchdog," in which he comments on local politics and officials. In October 2012, Mattingly filed a felony criminal charge against Trageser alleging "unauthorized access to a computer." Trageser was arrested, his home was searched, and certain items belonging to him were seized. Several days later, Bentley instituted another criminal charge against Trageser alleging "harassment," and Trageser again was arrested.

During the pendency of those criminal charges, Bentley filed a civil action against Trageser in Spencer Circuit Court on February 28, 2013. Bentley filed that action as a private citizen through his private counsel, alleging defamation, harassment, intentional infliction of emotional distress, and invasion of privacy based on certain postings made on Trageser's website. Trageser responded to Bentley's Complaint on May 1, 2013, by filing his "Verified Answer, Counterclaim and Complaint." In that pleading, Trageser answered Bentley's underlying Complaint and asserted a counterclaim against Bentley for various civil rights violations under 42 U.S.C. § 1983. Also in that pleading, Trageser named Mattingly and asserted similar § 1983 claims against him.

Bentley was served with Trageser's Answer, Counterclaim and Complaint through his counsel of record. Service was attempted on Mattingly, but it does not appear that Mattingly has been served. Because the § 1983 claims asserted against Bentley involved allegations related to his employment as a deputy sheriff, Bentley turned the claim over to the Spencer County Sheriff's Department, who in turn notified

their insurance carrier, who then retained separate counsel to defend Bentley and Mattingly against Trageser's § 1983 claims. Thus, Bentley, as primary Plaintiff, is represented by private counsel relative to his underlying Complaint, and, as Counterclaim Defendant, is represented by separate counsel relative to Trageser's § 1983 claim against him.

On May 22, 2013, Bentley filed a motion to dismiss Trageser's counterclaim. Counsel for Mattingly and Counterclaim Defendant Bentley entered an "Entry of Appearance" in Spencer Circuit Court on June 24, 2013. (Docket No. 7-1.) Trageser filed his response to Bentley's motion to dismiss on July 23, 2013. After Trageser filed his response, the Spencer Circuit Court Judge, Honorable Charles Hickman, recused himself from the case. Then on August 28, 2013, a special judge, Honorable A.C. McKay Chauvin of Jefferson Circuit Court, was appointed to hear the case. While Bentley's motion to dismiss was still pending, Mattingly and Counterclaim Defendant Bentley filed a notice of removal on September 9, 2013. (Docket No. 1.)

DISCUSSION

The parties' instant Motions raise several issues relative to the propriety of removal and remand. In order to invoke the district court's removal jurisdiction, a defendant must show that the district court has original jurisdiction over the action. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000) (citing 28 U.S.C. § 1441(a)). The burden of showing that the district court has original jurisdiction is on the party seeking removal. *Id.* (citing *Her Majesty the Queen in Right of the Province of Ont. v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989)). Furthermore, because they implicate federalism concerns, removal statutes are to be narrowly construed. *Id.* (citing

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). In this case, the parties do not allege diversity of citizenship. Instead, Mattingly and Counterclaim Defendant Bentley removed this action based on 28 U.S.C. § 1441(a), which allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Thus, the principal question that must be answered is whether Bentley and/or Mattingly could properly remove this action. Because the resolution of this question is dispositive, the Court need not address the other arguments raised in the parties' instant Motions.

Bentley, as Counterclaim Defendant, could not properly remove the underlying action. "The term 'defendant' in removal statutes is narrowly construed." *In re Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 849, 853 (6th Cir. 2012) (citing *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 461-62 (6th Cir. 2002)). The Sixth Circuit, applying § 1441(a), has unambiguously and explicitly held that "a counterclaim or third-party defendant is not a 'defendant' who may remove the action to federal court." *Id.* (applying *Shamrock*, 313 U.S. at 104-08; *Curry*, 301 F.3d at 462); *accord Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831-32 (2002) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."); *Dixie Electric Coop. v. Citizens of State of Ala.*, 789 F.2d 852, 857 (11th Cir. 1986) ("[T]he mere fact that a party is denominated an 'additional counterclaim defendant' does not mean that a claim is asserted against that party for purposes of removal."); *Wells Fargo Bank v. Gilleland*, 621 F. Supp. 2d 545, 548 (N.D. Ohio 2009) ("With regard to removal under 28 U.S.C. § 1441, this Court agrees that counterclaim defendants who were not

defendants in the original action are not proper party 'defendants' for removal purposes."); *OPNAD Fund, Inc. v. Watson*, 863 F. Supp. 328, 332 (S.D. Miss. 1994) ("[B]ecause the original plaintiff chose to file suit in state court, [the defendant's] counterclaim did not transform the original plaintiff or the later joined counter-defendant into defendants for removal purposes."); *Dartmouth Plan, Inc. v. Delgado*, 736 F. Supp. 1489, 1492 (N.D. Ill. 1990) ("[J]ust as a third-party has no special rights to remove, neither does a nonplaintiff counterdefendant. A counterdefendant is not a defendant joined in the original action and therefore not a party that can remove a state action to federal court."). Accordingly, it is clear and well-settled that Bentley, as Counterclaim Defendant, could not properly remove this action under §1441(a).

Mattingly also could not properly remove this action. The parties' arguments relative to this issue focus on how Mattingly should be designated in this litigation—namely, whether Mattingly should be considered a third-party defendant, a counterclaim defendant, or merely a defendant. Trageser argues that "[t]here is no doubt that Mattingly is a 'counterclaim defendant' who cannot remove this suit to federal court." (Docket No. 7, at 5.) Mattingly, on the other hand, insists that he is neither a "counterclaim defendant" nor a "third-party defendant" under the Kentucky Rules of Civil Procedure. (Docket No. 17, at 3-6.) Instead, Mattingly argues that "the only proper designation . . . is as a true and ordinary defendant." (Docket No. 17, at 3.)

As an initial matter, the Federal Rules of Civil Procedure, not the Kentucky Rules of Civil Procedure, are applicable to determining who is a defendant for purposes of applying the removal statute. *See, e.g.*, *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954) ("For the purpose of removal, the federal law determines who is

plaintiff and who is defendant."); *Imperial Gas Res., LLC v. Warren Producers, Inc.*, 2009 WL 909553, at *3 (W.D. Ky. 2009) ("For the purposes of removal, federal law determines who is a plaintiff and who is a defendant, and a state's procedural provisions cannot govern the privilege of removal granted by federal statute."). The Court agrees with Mattingly that he is not a third-party defendant. Federal Rule of Civil Procedure 14, which governs third-party practice, states: "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). By its plain language, Rule 14 requires an indemnity claim in order to bring in a third-party defendant. Here, Trageser's claims against Mattingly are separate and distinct from Bentley's claims against Trageser. That is, Trageser is not attempting to transfer liability from himself to Mattingly in the event he is found liable to Bentley. Therefore, Rule 14 is not applicable, and the term "third-party defendant" does not correctly describe Mattingly.

The Court does not agree, however, that Mattingly should somehow be characterized as a primary defendant. Federal Rule of Civil Procedure 13 provides, in relevant part:

> (a) **Compulsory Counterclaim.**
>> (1) *In General.* A pleading must state as a counterclaim any claim that--at the time of its service--the pleader has against an opposing party if the claim:
>>> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
>>> (B) does not require adding another party over whom the court cannot acquire jurisdiction.
>
> . . . .

> (b) **Permissive Counterclaim.** A pleading may state as a counterclaim against an opposing party any claim that is not compulsory.
>
> (c) **Relief Sought in a Counterclaim.** A counterclaim need not diminish or defeat the recovery sought by the opposing party. It may request relief that exceeds in amount or differs in kind from the relief sought by the opposing party.
>
> . . . .
>
> (h) **Joining Additional Parties.** Rules 19 and 20 govern the addition of a person as a party to a counterclaim . . . .

Rule 20(a), which governs the permissive joinder of parties, further provides:

> (2) **Defendants.** Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Read together, these Rules make clear that a counterclaim is any suit by a defendant against the plaintiff including any claims properly joined with the claims against the plaintiff. *See* Fed. R. Civ. P. 13(a)-(c). A counterclaim defendant need not also be a plaintiff. *See* Fed. R. Civ. P. 13(h). Other courts, both within this Circuit and elsewhere in the country, have reached this same conclusion where a defendant's counterclaim asserts claims against a new party. *See, e.g.*, *Gilleland*, 621 F. Supp. 2d at 547-48; *Watson*, 863 F. Supp. at 332; *Delgado*, 736 F. Supp. at 1492. Therefore, the Court finds that the claims asserted by Trageser against Mattingly are properly termed "counterclaims," which makes Mattingly a "counterclaim defendant" as to those claims. As such, Mattingly is not a proper party "defendant" for purposes of 28 U.S.C. §

1441(a). Because neither Bentley nor Mattingly could properly remove this action, this Court lacks subject matter jurisdiction and, pursuant to 28 U.S.C. § 1447(c), must remand this action to Spencer Circuit Court.

Trageser also moves for an award of attorney's fees. Under § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Whether to award costs, fees, and expenses is within the discretion of the trial court. *Norton Hosps., Inc. v. Sagamore Health Network, Inc.*, 2011 WL 1885636, at *3 (W.D. Ky. May 18, 2011) (citing *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993)); *PremierTox, Inc. v. Ky. Spirit Health Plan, Inc.*, 2012 WL 1950424, at *8 (W.D. Ky. May 30, 2012). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* Here, although removal ultimately was improper, the Court is not satisfied that the removing parties lacked an objectively reasonable basis for removal. Accordingly, the Court will not award Trageser the attorney's fees he seeks.

CONCLUSION

Having considered the parties' respective arguments and being otherwise sufficiently advised;

IT IS HEREBY ORDERED that Defendant/Counterclaim Plaintiff Lawrence Trageser's Motion to Remand and for an Award of Attorney Fees, (Docket No. 7), is GRANTED IN PART and DENIED IN PART as follows: Trageser's Motion for an Award of Attorney Fees is DENIED; Trageser's Motion to Remand is GRANTED, and this matter is REMANDED to Spencer Circuit Court for all further proceedings.

IT IS HEREBY FURTHER ORDERED that Plaintiff Jonathan Bentley's Motion for Partial Remand, (Docket No. 6), is DENIED as moot.

IT IS SO ORDERED.

Date:

cc: Counsel
    Clerk, Spencer Circuit Court